UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| FRANCES HARRIS, | ) | CASE NO. 1:07 CV 3882 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN E. POTTER, | ) | |
| | ) | |
| Defendant. | ) | |

On March 25, 2008 pro se plaintiff Frances Harris filed a letter in this court seeking "clarification" of this court's dismissal, without prejudice, of the above-captioned case. Ms. Harris maintains that the court overlooked an attachment to her complaint indicating that she had, in fact, received a "final decision" from the NEEOISO denying her request for reconsideration.[1]

A review of the attachments to her original complaint reveal that a letter from the NEEOISO, dated October 22, 2007, was included in Ms. Harris's file. The letter, which denies Ms. Harris's request for reconsideration of the NEEOISO's July 16, 2007 decision, is a final decision. It is the final decision from which she is entitled to file a claim in federal court. Inasmuch as this court's dismissal of Ms. Harris's in forma pauperis action was premised on the absence of that final

---

[1] The National EEO Investigative Services Office (NEEOISO) oversees the formal EEO complaint process.

decision, the dismissal of her complaint "without prejudice" was in error. Accordingly, Ms. Harris's March 25, 2008 letter is construed as a Federal Rule 59(e) Motion to Alter Judgment. The motion is granted for the limited purpose of altering this court's judgment dismissing the action without prejudice. The complaint is now before the court to examine on the merits.

BACKGROUND

On a date Ms. Harris disputes, she appealed a decision by the E.E.O.C. to dismiss her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621 et seq.[2] The NEEOISO - Appeals Office ("Appeals Office") issued a Decision dismissing her appeal on July 16, 2007. Relying on 29 C.F.R. § 1614.405(b), the Appeals Office determined that Ms. Harris's complaint was not filed within 45 days of the incident and, thus was not timely filed.

The core of her complaint before this court is reflected in the following paragraph, under the caption "Complaint:"

> Commission states their decision was based on criteria of 29 C.F.R. § 1614.405(b) stating complaint was not filed within 45 days of incident . . . This is not true. Please see Exhibit "A", enclosed, indicating 3 requests were made before I actually received it, with the first request made 2-24-06.

Exhibit A is a copy of Ms. Harris's letter of September 1, 2007, wherein she requests reconsideration of the Appeals Office's decision to dismiss her appeal on the grounds of untimely contact with a

---

[2]In its July 26, 2007 decision, the NEEOISO states that Ms. Harris filed a formal complaint to its office on September 19, 2006. She counters that she has no recollection of "filing an 'instant' complaint; only one EEO case was filed by myself which was documented received May 2006, after requesting the packet 3 times." (Compl. at 4.)

EEO representative.

After the above referenced paragraph, the complaint is then outlined as ten numbered paragraphs. Paragraphs 1 - 6 challenge conclusions outlined in a September 6, 2006 letter to Ms. Harris from a specialist with the USPS's EEO Complaint Processing Office, Elaine Dombi. In her letter, which is Exhibit B of the complaint, Ms. Dombi explains that she attempted to contact Ms. Harris several times by telephone, without success. The specialist then notes that she advised Ms. Harris that a final telephone interview was scheduled for September 6, 2006 at 10:00 a.m., but as she "received no call . . . I am giving you your Right to File a Formal Complaint by mail." (Compl., Ex. B at 1.)

Paragraphs 7-9 of the complaint challenge the decision issued by the Appeals Office on July 16, 2007, attached as Exhibit C. Each paragraph addresses some point of contention Ms. Harris has with an assertions made by the Appeals Office.

The court surmises from the issues about which Ms. Harris complains that she believes she was not treated properly. Although the paragraphs outlined in the complaint are iterations in response to the EEO and the Appeals Office, there are facts the court can summarize from the exchange. On one occasion, another female employee was permitted to wear blue jeans over her uniform during "casing," and plaintiff was not. On February 23, 2006, Ms. Harris was bypassed for overtime. Her supervisor warned her that if she and her co-workers continued to "joke and tease" at work "he would give them time off without pay and I would try to telling [sic] him it was a joke, but he refused to hear me out." (Compl. at 2-3.) One of her co-workers allegedly witnessed that she was "treated like a stepchild or someone of low standards." (Compl. at 3.) She adds that management "talked rough" to her.

There is no asserted basis for this court's jurisdiction set forth in the complaint. A review of paragraph VI, "Cause of Action" in the Civil Cover sheet (JS-44 Form) filed with the complaint reveals that Ms. Harris believes her complaint is based on "29 C.F.R. § 1614.405(b)." Finally, there are no relevant facts in her complaint that set forth a claim of alleged injuries for which this court can grant relief.

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

FAILURE TO STATE A CLAIM

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). The Swierkiewicz holding did not, however, eliminate the basic tenets of notice pleading.

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278

29 C.F.R. §1614.405

Ms. Harris asserts this court's jurisdiction based on 29 C.F.R. §1614.405(b), which states in relevant part:

> A decision issued under paragraph (a) of this section is final within

5

> the meaning of § 1614.407 unless the Commission reconsiders the case. A party may request reconsideration within 30 days of receipt of a decision of the Commission, which the Commission in its discretion may grant, if the party demonstrates that:
>
>> (1) The appellate decision involved a clearly erroneous interpretation of material fact or law; or
>> (2) The decision will have a substantial impact on the policies, practices or operations of the agency.

29 C.F.R. §1614.405(b). While Ms. Harris did request reconsideration of her appeal, that procedural hurdle did not eliminate the need to state a cause of action in her complaint before this court. Instead, she filed her complaint in this court against defendant United States Postal Service (USPS), NEEOISO - Appeals in Tampa, Florida, through John E. Potter, United States Postmaster General. It is clear that her complaint challenges the NEEOISO's decision to affirm the E.E.O.C.'s determination that her charge was untimely.

Even liberally construing this as a complaint against the NEEOISO regarding the processing of her discrimination complaint, Ms. Harris does not have a cause of action. See Scheerer v. Rose State College, 950 F.2d 661, 662-63 (10th Cir. 1991), cert denied, 505 U.S. 1205 (1992); see also Milhous v. E.E.O.C., et al., No. 97-5242, 1998 WL 152784 (6th Cir. Mar. 24, 1998). If the E.E.O.C. fails to act, delays, or errs in its processing of an employee's complaint, the employee's remedy is to bring a de novo lawsuit against his or her employer in district court. See Occidental Life Ins. Co. v. E.E.O.C., 432 U.S. 355, 365-66 (1977); McCottrell v. E.E.O.C., 726 F.2d 350, 352 (7th Cir.1984).

Ms. Harris's complaint would be fatally flawed even if the court construed it as a Title VII claim against the E.E.O.C. on appeal. It is settled law, in the Sixth Circuit and other circuits, that Title VII does not provide either an express or implied cause of action against the

E.E.O.C. to challenge its investigation and processing of a charge. See Haddad v. E.E.O.C., No. 03-2357,111 Fed.Appx. 413 (6th Cir. Sep 17, 2004); see e.g., Stewart v. E.E.O.C., 611 F.2d 679 (7th Cir.1979); Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir.1979), cert. denied, 444 U.S. 949 (1979); Georator Corp. v. E.E.O.C., 592 F.2d 765 (4th Cir.1979); Archie v. Chicago Truck Drivers, 585 F.2d 210 (7th Cir.1978); Gibson v. Missouri Pacific Railroad Co., 579 F.2d 890 (5th Cir.1978), cert. denied, 440 U.S. 921(1979).

Accordingly, for the foregoing reasons, this court's Memorandum of Opinion of March 17, 2008 is modified, and this action is now dismissed **with prejudice** pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

 s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: April 3, 2008

---

[4]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.