UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FRANCES HARRIS,

    Plaintiff,

vs.

JOHN E. POTTER, U.S. POSTAL
    SERVICE,

    Defendant.

CASE NO. 1:07-CV-3882

OPINION & ORDER
[Resolving Doc. No. 12]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* plaintiff Frances Harris's Motion to Reopen. (Doc. No. 12.) Harris, who filed a civil rights complaint against Postmaster General John Potter, now challenges this Court's dismissal of her Complaint with prejudice on April 3, 2008.[1] (Doc. No. 6)(O'Malley, J.) She seeks an order "re-opening" her case and submits documents "for an Extensive Review by the Court." For the following reasons, the Court **DENIES** the Motion.

## Background

Harris filed charges with the Equal Employment Opportunity Commission (E.E.O.C.)

---

[1] This action was originally assigned to the docket of Judge Kathleen M. O'Malley. Following her appointment to the United States Court of Appeals for the Federal Circuit in 2010, however, the matter was randomly assigned to the undersigned. *See* L. Civ. R. 3.7.

Case No. 1:07-CV-3882
Gwin, J.

alleging unlawful employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621 *et seq*. The charge was dismissed as untimely. On appeal to the National EEO Investigative Services Office (NEEOISO), which oversees the formal EEO complaint process, Harris challenged the E.E.O.C.'s decision. The NEEOISO concurred with the E.E.O.C. and determined that Harris's E.E.O.C. charge was not filed within 45 days of the incident and, thus was not timely filed. Harris filed a Motion for Reconsideration of the NEEOISO's decision. The motion for reconsideration was denied on October 22, 2007. Upon due consideration of a final decision on the merits, Harris's complaint was dismissed with prejudice for failing to state a claim on April 3, 2007.[2]

Harris appealed the dismissal to the Sixth Circuit. (Doc. No. 8.) The judgment of this Court was affirmed by mandate on February 4, 2011. (Doc. No. 11.) Harris now seeks to reopen her original complaint, rearguing that her E.E.O.C. charge was timely filed.

The Court construes Harris's Motion to Reopen as a Motion to Alter or Amend Judgment pursuant to Federal Civil Rule 59(e). Motions to alter or amend a court's judgment must be filed within 28 days from the date of the judgment the movant seeks to alter. *See* FED. R. CIV. P. 59(e). As such, Harris was required to file her motion within 28 days from the April 3, 2008 judgment she seeks to alter. *Id.* Without question, her motion was filed well beyond the 28-day deadline from

---

[2]The complaint was originally dismissed on March 17, 2008, without prejudice, pending a determination on Harris's motion for reconsideration. (Doc. No. 3.) After Harris filed a letter seeking clarification of this court's dismissal, it noted the Appeals Office did issue a final decision on the motion for reconsideration. The court subsequently amended its decision and dismissed the complaint with prejudice. (Doc. No. 5).

Case No. 1:07-CV-3882
Gwin, J.

this Court's judgment. Where, as here, a party's Rule 59 motion is not filed within the mandatory 28-day period, it is appropriate for a court to consider the motion as one filed as a request for relief from judgment pursuant to Federal Civil Rule 60. *See In re Saffady*, 524 F.3d 799, 800, n. 2 (6th Cir. 2008)(citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998)).

The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. A timely filed Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED. R. CIV. P. 59(a). A Rule 60(b) motion, however, may be granted only for certain specified reasons, as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Feathers,* 141 F.3d at 268 (quoting FED. R. CIV. P. 60(b)).

Harris does not attempt to justify her request based on mistake, newly discovered evidence, fraud, a void judgment, or discharge of judgment. This leaves "any other reason justifying relief" as the presumed basis for her motion. *Id.* Subsection (b)(6), however, is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990).

Case No. 1:07-CV-3882
Gwin, J.

Harris has not demonstrated that an extreme or unusual situation exists that entitles her to relief from judgment. Instead, she is attempting to file detailed documents which allegedly establish that she timely filed her discrimination charges with the E.E.O.C. The question of timeliness, however, has already been decided on the merits by this Court as well as the Sixth Circuit. Harris's pleading fails to proffer any basis in law or fact justifying the issuance of an Order setting aside the Court's dismissal of her Complaint.

### Conclusion

Based on the foregoing, Harris's Motion to Reopen [Doc. No. 12] is dismissed as an untimely Motion to Alter or Amend Judgment pursuant to Rule 59(e). In the alternative, the Motion is denied, as construed as a Rule 60(b) Motion for Relief from Judgment, for failing to state a basis upon which this Court may grant relief from its April 3, 2008 judgment.

IT IS SO ORDERED.

Dated: January 25, 2013     *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE